Stanley O. King, Esquire
KING & KING, LLC
231 S. Broad Street
Woodbury, NJ 08096
856-845-3001
856-845-3079 (fax)
stan@kingslaw.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GLORIA BLACK-MEADOWS, in her capacity as Administrator *ad Prosequendum* of the ESTATE OF LASHANDA ANDERSON, Deceased, LAKEIMA SAVAGE, individually, RAZAYIA ROGERS, individually, And RAKEL ROGERS, individually, | : : : : : : : : | HON. JOSEPJ H. RODRIGUEZ,  U.S.D.J. |
| Plaintiffs, | : : | Civil Action No. 20-6951 (JHR-AMD) |
| v. | : : | |
| DEPTFORD TOWNSHIP, WILLIAM HANSTEIN, former Deptford Township Police Chief, KEVIN CLEMENTS, former Deptford Police Sergeant, WILLIAM BITTNER, former Deptford Police Captain, MARMAXX, a division of The TJX Companies, Inc., operating as MARSHALLS DEPARTMENT STORE, JOHN DOES 1 through 10, individually and/or in their official capacities, jointly, severally, and/or in the alternative, | : : : : : : : : : : : : | **AMENDED COMPLAINT and DEMAND FOR JURY** |
| Defendants. | : | |

Plaintiffs, by and through their attorneys, bring this Amended Complaint against Defendants and in support thereof allege as follows:

## PARTIES

1.      Plaintiff Gloria Black-Meadows is the sister of Lashanda Anderson, who was fatally shot by Deptford Police Sergeant Kevin Clements on June 9, 2018.  Ms. Black-Meadows was granted Administration *Ad Prosequendum* by the Gloucester County Surrogate's Court and bring this action in her capacity as Administratrix *ad Prosequendum* of the Estate of Lashanda Anderson.  At the time of her death, Lashanda Anderson was not married.  She is survived by two adult children and one minor child.  Ms. Black-Meadows resides in Philadelphia, Pennsylvania.

2.      Plaintiff Lakeima Savage is the adult daughter of Lashanda Anderson.  She brings this action in her individual capacity. Plaintiff Savage resides in Philadelphia, Pennsylvania.

3.      Plaintiff Razayia Rogers is the adult daughter of Lashanda Anderson.  She brings this action in her individual capacity. Plaintiff Razayia Rogers resides in Philadelphia, Pennsylvania.

4.      Plaintiff Rakel Rogers is the adult daughter of Lashanda Anderson.  She brings this action in her individual capacity.  Plaintiff Rakel Rogers resides in Philadelphia, Pennsylvania.

5.      Defendant Deptford Township is a municipal corporation organized and existing under the laws of the State of New Jersey.  Its offices are located at 1011 Cooper Street, Deptford Township, Gloucester County, New Jersey 08096.

6.      Defendant William Hanstein ("Hanstein"), at relevant times, was the police chief of Deptford Township.  At all times mentioned in this Complaint, Defendant Hanstein was acting under color of law and color of his authority as police chief of Deptford Township. He is sued in his official capacity.   Hanstein resides in Woodbury Heights, Gloucester County, New Jersey 08096.

7.      Defendant Kevin Clements ("Clements"), at all relevant times, was a police sergeant employed by Deptford Township in its police department.  At all times mentioned in this Complaint, he was acting under color of law and color of his authority as a police sergeant of Deptford Township.  He is sued in his individual and official capacities.  Clements resides in Wenonah, Gloucester County, New Jersey.

8.      Defendant William Bittner, at all relevant times, was a police captain employed by Deptford Township in its police department.  At all times mentioned in this Complaint, he was acting under color of law and color of his authority as a police captain of Deptford Township.  He is sued in his individual and official capacities.  Bittner is a resident of Westville,  Gloucester County, New Jersey.

9.      Defendant Marmaxx is a division of The TJX Companies, Inc., and operates Marshalls Department Stores.   Its headquarters is located at 770 Cochituate Road, Framingham, Massachusetts.  The incidents described in this complaint occurred in the

parking lot of this defendant's Marshalls Department Store, located at 1800 Clements Bridge Road, Deptford, New Jersey 08096 ("Deptford Marshalls" or "Marshalls").

10.     Defendant John Doe 1, at all relevant times, was a member of the loss prevention staff at Deptford Marshalls, when the incident occurred.  Defendant John Doe 1 called 911 and alleged that Lashanda Anderson and two other individuals were shoplifting and falsely stated that one of these purported shoplifters was wanted for murder.

11.     Plaintiffs are unaware of the true names and capacities of those defendants sued as John Does 1 through 10 and therefore sue these defendants using their fictitious names. Plaintiff will amend this complaint to allege each 10 unknown named defendant's true names and capacities when that information becomes known.  Plaintiffs are informed and believes that each of these 10 unknown named defendants is legally responsible and liable for the incident, injuries and damages set forth here, and that each of these defendants legally caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, wanton or despicable conduct as described below.

## JURISDICTION

12.     Plaintiffs invoke jurisdiction pursuant to 28 U.S.C. §1331 as the claims raise federal questions under 42 U.S.C. §1983.  Plaintiffs further invoke supplemental jurisdiction pursuant to 28 U.S.C. §1367 for claims arising under state law as these claims form part of the same case and controversy as the claims brought under 42 U.S.C. §1983.

13.     Venue is appropriately laid in the District of New Jersey pursuant to 28 U.S.C. §1391(b) as it is the judicial district in which the claims asserted herein arose and where the defendants reside.

## FIRST CAUSE OF ACTION
### (Deprivation of Federally Protected Right as to Clements)
### *Excessive Force*

14.     Lashanda Anderson ("Anderson") was a 36-year-old African American female at the time of her death.

15.     On the afternoon of June 9, 2018, Anderson and Chanel Barnes were fleeing from the Deptford Marshalls after a loss prevention officer called 911.

16.     The Marshalls employee told the 911 dispatcher that he needed assistance to stop shoplifters at the store.

17.     The dispatcher advised the Marshalls employee that police officers do not stop shoplifters and that the store personnel was responsible for stopping shoplifters.

18.     In an apparent attempt to have the police respond to the scene, the Marshalls employee falsely stated that there was a manslaughter warrant for one of the suspected shoplifters.

19.     Defendants, Sergeant Clements and Captain Bittner, were dispatched to the scene and advised that one of the suspected shoplifters was wanted for homicide.

20.     As Anderson and Barnes were running from the store, Defendant Clements and Bittner arrived on the scene and told the women to stop.

21.     The women jumped into their parked vehicle, with Anderson getting into the driver's seat and Barnes getting into the passenger seat.  They immediately took off.

22.     After the vehicle took off, Sergeant Clements fired three shots at the fleeing vehicle.  The bullets struck Anderson twice—once in the head—and caused the vehicle to lose control.

23.     Eyewitnesses in the Marshalls parking lot stated that the officer firing the shot was never in front of the vehicle and that neither officer was in danger of the vehicle running them over.

24.     Within minutes of being shot, Anderson died at the scene from multiple gunshot wounds.

25.     At no point during Anderson's encounter with Clements and Bittner, did Anderson pose a threat to the officers.

26.     Immediately following the shooting, Clements and Bittner directed onlookers to leave the scene without obtaining witness statements or contact information.

27.     The actions of Defendant Clements, as described above, violated clearly established law and constitute excessive use of force, depriving Anderson of her right to be secure in her person against unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution.

28.     Without any justification and/or provocation, Defendants Clements intentionally, willfully, maliciously and with deliberate indifference to Anderson's

constitutionally protected rights, directly and proximately caused Anderson and the plaintiffs to suffer economic losses, grievous bodily harm and emotional pain and suffering.

29.     By reason of the aforesaid violation of Plaintiffs' rights, Plaintiffs are entitled to damages under 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION
### (Deprivation of Federally Protected Rights as to Clements and Bittner)
### *Conspiracy to Violate Civil Rights*

30.     Plaintiffs adopt and incorporate by reference, paragraphs 1 through 29 as if set forth herein at length.

31.     Defendants, Clements and Bittner, agreed between themselves and with other individuals to act in concert to deprive Anderson of her clearly established federal and state constitutional rights, as alleged above.

32.     The conduct of these defendants constitutes a civil conspiracy to deprive Anderson of her clearly established federal and state constitutional rights.

33.     In furtherance of the conspiracy, Defendants Clements and Bittner engaged in and facilitated numerous overt acts, including, without limitation, the following:

a.     Unlawfully shooting and killing Anderson, while Anderson posed no threat to their safety or the safety of others;

b.     Fabricating statements that Anderson's vehicle was charging toward the officers and actually hit one of the officers;

c.     Jointly devising false, exculpatory versions of the events of June 9, 2018, and telling these false versions of the events to the investigating authorities;

d.      Submitting false police reports, statements and testimony to support and corroborate the fabricated allegations made against Anderson;

e.      Advising eyewitnesses to the event to leave the scene of the incident before obtaining statements or contact information from these witnesses.

### THIRD CAUSE OF ACTION
**(Deprivation of Federally Protected Rights**
**as to Defendants Deptford Township and Police Chief Hanstein)**
***Monell Claim***

34.      Plaintiffs adopt and incorporate by reference, paragraphs 1 through 33 as if set forth herein at length.

35.      Defendants Deptford Township and Police Chief Hanstein are liable for the deprivation of Anderson's federally protected rights by Defendant Clements and Bittner, as described in the First and Second Causes of Action.

36.      At all relevant times, Defendant Hanstein was responsible for training police officers in Deptford Township in the proper and lawful use of force.

37.      Defendants Deptford Township and Chief Hanstein have repeatedly and knowingly failed to enforce the laws of the United States, the State of New Jersey and the regulations of Deptford Township pertaining to the use of force, thereby creating within Deptford Township's police department an atmosphere of lawlessness in which police officers employ excessive and illegal force and violence, and such acts are condoned and justified by their superiors.

38.      At the time of the incidents described above, Deptford Township and Chief Hanstein had developed and maintained policies or customs exhibiting deliberate

8

indifference to the constitutional rights of persons in Deptford Township, which caused the plaintiffs' rights to be violated.

39. It was the policy and/or custom of the Deptford Township and its police chief to inadequately and improperly supervise and train its police officers and to inadequately and improperly investigate citizen complaints of police misconduct. Civilian complaints were routinely dismissed, and officers' misconduct were instead tolerated and condoned by Deptford Township and its police chief. For example, out of 59 complaints of excessive force investigated by the police department between 2011 and 2018, no complaint was sustained. All of these excessive force complaints were "not sustained," "unfounded," or resulted in the officer's exoneration.

40. Officers engaging in misconduct were therefore not disciplined nor provided with appropriate in-service training or retraining. Further constitutional violations on the part of its police officers were therefore not discouraged, but condoned. As a result of the policies and practices, citizens were routinely subjected to police misconduct, including false arrests and excessive use of force.

41. On at least two occasions prior to the June 9, 2018 incident, excessive force complaints were lodged against Defendant Clements. They include a complaint by Brittany Starzi, who stated that without provocation, Defendant Clements seriously injured her by punching her in the nose while she was at a pub in Westville. Starzi alleged that she complained to Defendant Bittner, who was present during the incident. Rather than counsel his subordinate about the unlawful conduct, Bittner summarily denied that Clements punched

Starzi.  Seventy-year-old Bonita Miranda also alleged that without provocation, Clements slammed her to the ground during a traffic stop.

42.    As a result of the above-described policies and customs, police officers of Deptford Township, including Defendant Clements, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

43.    The above-described policies and customs demonstrate a deliberate indifference on the part of policymakers of Deptford Township and Chief Hanstein to the constitutional rights of the plaintiffs alleged herein.

44.    Defendants Deptford Township and Chief Hanstein failure to training and supervise officers in the lawful use of force constitute negligence, gross negligence and deliberate indifference to the safety and lives of its residents.  The said negligence, gross negligence and deliberate indifference were the proximate cause of the plaintiffs' injuries.

45.     By reason of the aforesaid violation of Plaintiffs' rights, Plaintiffs are entitled to damages under 42 U.S.C. § 1983.

## FOURTH CAUSE OF ACTION
### (Violation of New Jersey Civil Rights Act as to all Defendants except Marshalls)

46.    Plaintiffs adopt and incorporate by reference, paragraphs 1 through 45 as if set forth at length herein.

47.    This cause of action arises under New Jersey Civil Rights Act, N.J.S.A. §10:6-1, *et seq.*  Supplemental jurisdiction is established pursuant to 28 U.S.C. §1367 as the claim

forms part of the same case and controversy as the claims brought under the First through Third Causes of Action.

48.     The acts committed by Defendants Clements, Bittner, Deptford Township and Chief Hanstein, constitute a violation of rights secured by the United States Constitution, as alleged above, and a further violation of the New Jersey Constitution, as follows:  Article I, Section 7 of the New Jersey Constitution guaranteeing Plaintiff the right to be secure in her person against unreasonable searches and seizures, including the excessive use of force.

49.     As a direct and proximate result of the aforesaid acts of Defendants, the plaintiffs suffered economic losses, grievous bodily harm and emotional pain and suffering.

50.     By reason of the aforesaid violation of Plaintiffs' rights, Plaintiffs are entitled to damages under N.J.S.A. §10:6-1, *et seq.,* including costs, attorney fees and expenses pursuant to N.J.S.A. §10:6-2(f).

## FIFTH CAUSE OF ACTION
### (Assault & Battery as to Clements, Deptford Township and Chief Hanstein)

51.     Plaintiffs adopt and incorporate by reference paragraphs 1 through 50 as if set forth herein at length.

52.     The conduct of Defendant Clements, Deptford Township and Chief Hanstein, through their agents and employees, as described above were carried out intentionally for the express purpose of interfering with Anderson's personal integrity and resulted in an unpermitted harmful and offensive contact with Anderson, and thus constitute assault and battery.

## SIXTH CAUSE OF ACTION
### (Negligence as to all Defendants)

53.     Plaintiffs adopt and incorporate by reference paragraphs 1 through 52 as if set forth herein at length.

54.     The conduct of Defendants Clements, Bittner, Deptford Township and Chief Hanstein, through their agents and employees, as described above, evidence a lack of cautious regard for Anderson's right to be free from unnecessary bodily harm or from the threat of such harm and a lack of due care under the circumstances, unnecessarily subjecting Anderson to danger.

55.     Marshalls, through its employees and agents, acted with a lack of cautious regard for Anderson's right to be free from unnecessary bodily harm and unnecessarily subjected Anderson to danger under the circumstances by falsely advising the police dispatch that one of the suspected shoplifters was wanted for manslaughter.  This false statement created an unnecessary false alarm and false urgency, thereby contributing to Defendant Clements' unlawful use of deadly force against Anderson, who was  suspected of shoplifting and not manslaughter.

56.     The injury to and death of Anderson were a proximate result of the negligence of all defendants.

## SEVENTH CAUSE OF ACTION
### (Gross Negligence as to all Defendants)

57.     Plaintiffs adopt and incorporates by reference paragraphs 1 through 56 as if set forth herein at length.

58.     The acts of all defendants, as described above, were carried out with such willful, malicious, wanton and reckless disregard of the consequences as to show Defendants Clements, Bittner, Deptford Township, Chief Hanstein, and Marshalls, through their agents and employees, conscious indifference to the danger of harm and injury to Anderson and the intent to inflict harm and injury on Anderson.

59.     The injury and death of Anderson was a proximate result of the gross negligence of all defendants.

### EIGHTH CAUSE OF ACTION
**(Wrongful Death as to all Defendants)**

60.     Plaintiffs adopt and incorporate by reference paragraphs 1 through 59 as if set forth herein at length.

61.     Supplemental jurisdiction for this Cause of Action is established pursuant to 28 U.S.C. § 1367 as the claim forms part of the same case and controversy as the claims brought under the First through Third Causes of Action.

62.     Plaintiffs Lakeima Savage, Razayia Rogers, and Rakel Rogers are the surviving heirs-at-law of Lashanda Anderson, and are entitled to recover the pecuniary loss occasioned to the survivors of Anderson, deceased, as a result of the wrongful death.

63.     By reason of the death of Anderson, Plaintiffs Lakeima Savage, Razayia Rogers, and Rakel Rogers have been deprived of decedent's support, comfort, society and services, all to their damages.

13

64.     As a result of the actions of all defendants as described above, Plaintiffs Lakeima Savage, Razayia Rogers, and Rakel Rogers are entitled to recover pecuniary damages pursuant to N.J.S.A. 2A:31-1, *et seq.*

## NINTH CAUSE OF ACTION
### (Survivorship as to all Defendants)

65.     Plaintiffs adopt and incorporate by reference paragraphs 1 through 64 as if set forth herein at length.

66.     Supplemental jurisdiction for this Cause of Action is established pursuant to 28 U.S.C. § 1367 as the claim forms part of the same case and controversy as the claims brought under the First through Third Causes of Action.

67.     As a direct and proximate result of the wrongful act of all defendants as described above, Anderson suffered severe physical and mental pain, shock and agony, and ultimately died.

68.     By reason of the injury and death of the decedent, the decedent's estate has become liable for hospital bills, doctor bills and funeral expenses of Lashanda Anderson, deceased.

69.     As a result of the actions of all defendants as described above, the Plaintiff Gloria Black-Meadows, in her capacity as Administrator *ad Prosequendum* of the Estate of Lashanda Anderson, deceased, is entitled to recover damages pursuant to N.J.S.A. 2A:15-3, *et seq.*

WHEREFORE, Plaintiffs demand judgment against the defendants, jointly and severally, on all causes of action as follows:

(1)     Compensatory damages in the amount of $10,000,000;

(2)     Punitive damages;

(3)     Attorney's fees and costs of this action; and

(3)     Such other and further relief as the court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedures, the plaintiff demands a trial by jury of this action.

## TRIAL ATTORNEY DESIGNATION

Stanley O. King is hereby designated as trial attorney.

KING & KING, LLC
Attorneys for Plaintiff

By  /s/ Stanley O. King          
STANLEY O. KING


Dated:  December 7, 2020

15