UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GLORIA BLACK-MEADOWS, *in Her capacity as Administrator ad Prosequendum of the ESTATE OF LASHANDA ANDERSON, Deceased,* et al., | : : : : : | Hon. Joseph H. Rodriguez |
| Plaintiffs, | : | Civil Action No. 20-6951 |
| v. | : | |
| DEPTFORD TOWNSHIP,  et al., | : | OPINION |
| Defendants. | : | |

Plaintiff Gloria Black-Meadows is Administrator of her sister Lashanda Anderson's Estate.  Anderson was fatally shot by Deptford Township Police Sergeant Kevin Clements on June 9, 2018.  Clements was responding to a call about shoplifters in the Marshall's Department Store in Deptford, New Jersey. The Complaint alleges that Anderson and her friend fled from the store after an interaction with the store's loss prevention officer. Both women went to their car; Anderson was driving. Clements shot at them three times, fatally striking Anderson in the head and body.

On June 6, 2020, Plaintiffs Gloria Black-Meadows, Lakeima Savage, Razayia Rogers, Norma Johnson, and Rakel Rogers, filed a nine-count complaint against Defendants Depford Township, William Hanstein, Kevin Clements, William Bittner, and MARMAXX.[1]  The present motion to dismiss followed on October 26, 2020.

---

[1] On December 7, 2020, the parties consented to the filing of an Amended Complaint to reflect that one of the parties is no longer a minor. The amendment substituted Plaintiff R.R., a minor, by and through her guardian, Norma Johnson, with Plaintiff Rakel Rogers.  The Amended Complaint having been filed after the present motion to dismiss is of no consequence as the claims set forth in the amended complaint do not alter any of the substantive claims set forth in

In the motion, Defendants argue the following claims should be dismissed:

1. All 42 U.S.C. 1983 claims against the Defendant officers in their official capacities should be dismissed;
2. Plaintiff's municipal liability claim is insufficiently pled and should therefore be dismissed;
3. The Sixth Cause of Action, negligence, is insufficiently pled and should therefore be dismissed, without prejudice, as to all the Deptford Township Defendants;
4. Plaintiff's assault and battery claim against Deptford Township should be dismissed with prejudice as a matter of law;
5. Plaintiff's Negligence claims;
6. Plaintiff's claim for punitive damages against Deptford Township should be dismissed as a matter of law.

In their Opposition Brief, Plaintiffs concede dismissal except for the municipal liability claim and the negligence claims. The Court will address these issues in turn.

## I. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration. See U.S. Express Lines, Ltd. V. Higgins, 281 F.3d 383, 388 (3d Cir. 2020); Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether

---

the original complaint. On February 22, 2021, a stipulation of dismissal was entered as to Defendant MARMAXX. [Dkt. No. 35].

the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[2] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). Accord Iqbal, 556 U.S. at 678-80 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth).

---

[2] This plausibility standard requires more than a mere possibility that unlawful conduct has occurred. "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted). See also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 174 (3d Cir. 2010) (internal citation and quotation omitted; emphasis added).

II.     Discussion

Deptford Township is a municipality. A municipality is not liable under 42 U.S.C. § 1983 on a respondeat superior theory. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). However, a government entity may be liable for its agent's actions upon a demonstration that a policy or custom of the municipality caused, or was a "moving force" behind, the alleged violation of Plaintiff's rights. Kentucky v. Graham, 473 U.S.

159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (quoting Polk County v. Dodson, 454 U.S. 312, 326, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)); Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996). Thus, in order to prevail against the government entity, "[a] plaintiff must identify the challenged policy, attribute it to the city itself, and show a causal link between execution of the policy and the injury suffered." Losch v. Parkesburg, 736 F.2d 903, 910 (3d Cir. 1984). Further, a plaintiff must show that the municipality acted with "deliberate indifference" to the known policy or custom. Canton v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). "A showing of simple or even heightened negligence will not suffice." Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. at 397, 407 (1997).

Courts have created a "two-path track to municipal liability… depending on whether the allegation is based on municipal policy or custom." Mulholland v. Gov't Cnty. of Berks, 706 F.3d 227, 237 (3d Cir. 2013) (quoting Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996)). A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict." Kneipp, 95 F.3d at 1212 (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (plurality opinion)). A custom is an act "that has not been formally approved by an appropriate decision maker," but that is "so widespread as to have the force of law." Bryan County v. Brown, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

Municipalities are not liable for acts of police officers unless a municipal policy or custom amounts to a "deliberate indifference to the rights of people with whom the police come into contact." Carswell v. Borough of Homestead, 381 F.3d 235, 244 (3d Cir.

2004) (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)). Deliberate indifference means that" 'a deliberate choice to follow a course of action is made from among various alternatives' by city policymakers." Harris, 489 U.S. at 389 (quoting Pembaur, 475 U.S. at 483-84 (1986) (plurality) (Brennan, J.)). Thus, a municipality's inadequate training or supervision does not give rise to liability unless city policymakers are "on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights … [and they] choose to retain that program." Connick v. Thompson, 131 S.Ct. 1350, 1359- 1360 (2011).

Similarly, widespread behavior by police officers does not amount to a municipal custom unless there is "knowledge and acquiescence by the decisionmaker." McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009) (citing Watson v. Abington Tp., 478 F.3d 144, 156 (3d Cir. 2007)) (further citation omitted). Finally, the plaintiff must also show that the alleged policy or custom was the proximate cause of the injuries suffered. Watson, 478 F.3d at 156 (citing Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990) (further citation omitted)).

> Here, the Complaint alleges the following as to the Monell claim:
>
> 35. Defendants Deptford Township and Police Chief Hanstein are liable for the deprivation of Anderson's federally protected rights by Defendant Clements and Bittner, as described in the First and Second Causes of Action.
>
> 36. At all relevant times, Defendant Hanstein was responsible for training police officers in Deptford Township in the proper and lawful use of force.
>
> 37. Defendants Deptford Township and Chief Hanstein have repeatedly and knowingly failed to enforce the laws of the United States, the State of New Jersey and the regulations of Deptford Township pertaining to the use of force, thereby creating within Deptford Township's police department an atmosphere of lawlessness in which police officers

employ excessive and illegal force and violence, and such acts are condoned and justified by their superiors.

38. At the time of the incidents described above, Deptford Township and Chief Hanstein had developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Deptford Township, which caused the plaintiffs' rights to be violated.

39. It was the policy and/or custom of the Deptford Township and its police chief to inadequately and improperly supervise and train its police officers and to inadequately and improperly investigate citizen complaints of police misconduct. Civilian complaints were routinely dismissed, and officers' misconduct were instead tolerated and condoned by Deptford Township and its police chief. For example, out of 59 complaints of excessive force investigated by the police department between 2011 and 2018, no complaint was sustained. All of these excessive force complaints were "not sustained," "unfounded," or resulted in the officer's exoneration.

40. Officers engaging in misconduct were therefore not disciplined nor provided with appropriate in-service training or retraining. Further constitutional violations on the part of its police officers were therefore not discouraged, but condoned. As a result of the policies and practices, citizens were routinely subjected to police misconduct, including false arrests and excessive use of force.

41. On at least two occasions prior to the June 9, 2018 incident, excessive force complaints were lodged against Defendant Clements. They include a complaint by Brittany Starzi, who stated that without provocation, Defendant Clements seriously injured her by punching her in the nose while she was at a pub in Westville. Starzi alleged that she complained to Defendant Bittner, who was present during the incident. Rather than counsel his subordinate about the unlawful conduct, Bittner summarily denied that Clements punched Starzi. Seventy-year-old Bonita Miranda also alleged that without provocation, Clements slammed her to the ground during a traffic stop.

42. As a result of the above-described policies and customs, police officers of Deptford Township, including Defendant Clements, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

43. The above-described policies and customs demonstrate a deliberate indifference on the part of policymakers of Deptford Township and Chief Hanstein to the constitutional rights of the plaintiffs alleged herein.

  44. Defendants Deptford Township and Chief Hanstein failure to training and supervise officers in the lawful use of force constitute negligence, gross negligence and deliberate indifference to the safety and lives of its residents. The said negligence, gross negligence and deliberate indifference were the proximate cause of the plaintiffs' injuries.

  45. By reason of the aforesaid violation of Plaintiffs' rights, Plaintiffs are entitled to damages under 42 U.S.C. § 1983.

  To survive a motion for to dismiss, Plaintiffs "must identify a custom or policy, and specify what that custom or policy was." McTernan, 564 F.3d at 658. "[A] single incident of unconstitutional activity is not sufficient to impose liability under Monell [.]" City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (Connick, 131 S.Ct. at 1359- 1360; see Ingram v. Twp. of Deptford, 911 F.Supp.2d 289, 302 (D.N.J. 2012) (finding plaintiff's Monell claim deficient where the complaint cited an unconnected past incident of excessive force.). Therefore, the critical issue is whether any of its existing policies or customs are so likely to result in the violation of constitutional rights that it can reasonably be said to have been deliberately indifferent. Warnett v. Corr. Med. Servs., No. CIV. A. 07-1291 JHR, 2008 WL 930739, at *9 (D.N.J. Mar. 31, 2008). Finally, "[t]he plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 404 (1997).

  Here, the Amended Complaint sets forth sufficient evidence of a custom and/or policy of a failure to discipline, investigate and administer accountability by the Deptford Chief of Police. See Am. Compl. ¶¶ 39-44.  Specifically, the Amended Complaint alleges that none of the 59 complaints of excessive force investigated by the

police department between 2011 and 2018 were sustained, without sufficient investigation and any meaningful repercussions or redress. The alleged result is an implicit acceptance of excessive force through the removal of meaningful consequence which constitutes the adoption of a custom. Id. at ¶ 39. In addition, two recent instances of excessive force by Defendant Clements are detailed as having gone unpunished. Id. at ¶ 41. "[D]eliberate indifference may be established when a policymaker has knowledge of a 'pattern of similar constitutional violations by untrained employees' but takes no action to augment or alter the municipality's employee training programs accordingly." Grandizio v. Smith, No. CIV. 14-3868, 2015 WL 58403, at *5 (D.N.J. Jan. 5, 2015) (quoting Lapella v. City of Atlantic City, No. 10–2454, 2012 WL 2952411, at *7 (D.N.J. July 18, 2012) (further citations omitted)).

Third Circuit precedent permits the use of multiple complaints against just one officer to sufficiently establish a custom. See Beck v. Cty. of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996). In Beck, five excessive force complaints against one officer, all occurring within the past five years of the issue at hand, were sufficient to demonstrate that the city had engaged in a "pattern of tacitly approving the use of force." Id. at 973. This district has similarly held that the number of complaints against an officer, the related subject matter of the complaints, and the relatively short time within which the complaints were filed, even when such complaints against the officer were either "not sustained" or he was "exonerated," are sufficient to infer a Township's acquiescence to the officer's alleged unlawful conduct, and infer knowledge and deliberate indifference. See, Worrall v. City of Atl. City, No. CIV. 11-3750 RBK/JS, 2013 WL 4500583, at *4 (D.N.J. Aug. 20, 2013) ("Although all of the complaints were either "not sustained" or

Officer Wheaton was deemed "exonerated," the Court finds, in accordance with <u>Beck</u>, that a jury could still infer knowledge and acquiescence and deliberate indifference."); <u>Castellani v. City of Atl. City</u>, No. CV 13-5848 (JBS/AMD), 2017 WL 3112820, at *21 (D.N.J. July 21, 2017).

The Court finds that when viewed together, the 59 complaints of excessive force and the two specific allegations of excessive force against Officer Clements are sufficient to state a cognizable claim against Deptford Township under <u>Monell</u>. Defendants' motion to dismiss will be denied as to Count III.

With respect to the negligence claims, Plaintiffs seek to hold Defendants liable for their wanton disregard to the well-being of Anderson. "'[T]o sustain a common law cause of action in negligence' under New Jersey law, 'a plaintiff must prove four core elements: (1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.'" <u>Aymonier v. U.S.</u>, 432 F. App'x 66, 67 (3d Cir. 2011) (<u>quoting</u> <u>Polzo v. Cnty of Essex</u>, 196 N.J. 569, 584 (2008)). Here, Plaintiffs have alleged that the conduct of Defendants Clements, Bittner, Deptford Township and Chief Hanstein, through their agents and employees, as described above, evidence a lack of cautious regard for Anderson's right to be free from unnecessary bodily harm or from the threat of such harm and a lack of due care under the circumstances, unnecessarily subjecting Anderson to danger. <u>See</u> Am. Compl. ¶¶ 50-55.

In addition, Plaintiffs claim that the acts of the Defendants were carried out with willful, malicious, wanton and reckless disregard of the consequences and constitute conscious indifference to the danger of harm and injury to Anderson and the intent to inflict harm and injury on Anderson. <u>Id.</u> at ¶ 56. Finally, the Amended Complaint

alleges that the injury to and death of Anderson were a proximate result of the negligence of all defendants. Id. at ¶ 59. The Court finds that the negligence claims are sufficiently alleged and plausibly state that the use of force against Plaintiff's decedent was the product of negligence. Defendants' motion will be denied as to the negligence claims in Counts VI and VII.

### III.   CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is granted in part and denied in part. Plaintiffs' claims against the defendant officers in their official capacities, the claims of Assault and Battery as to Deptford Township, and the claim for punitive damages as to Deptford Township will be dismissed with prejudice. Defendants' motion to dismiss Plaintiffs' claims of negligence and the claim pursuant to Monell will be denied.

An appropriate Order shall issue.

Dated: April 13, 2021

                                        s/ Joseph H. Rodriguez
                                        Hon. Joseph H. Rodriguez,
                                        UNITED STATES DISTRICT JUDGE