**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GLORIA BLACK-MEADOWS, in Her capacity as Administrator, *ad Prosequendum*, of the ESTATE OF LASHANDA ANDERSON, Deceased, et al., | : <br> : <br> : <br> : <br> : Hon. Joseph H. Rodriguez |
| *Plaintiffs*, | : <br> : Civil No. 20-6951 |
| v. | : |
| DEPTFORD TOWNSHIP, et al., | : **OPINION** |
| *Defendants*. | : <br> : |

This matter is before the Court on the appeal of Magistrate Judge Donio's August 4, 2022 Order compelling the production of discovery filed by defendants William Bittner, Kevin Clements, Deptford Township, and William Hanstein ("Defendants") [Dkt. No. 101]. The Court is in receipt of the opposition filed by plaintiffs Gloria Black-Meadows, in her capacity as Administrator ad Prosequendum of the Estate of Lashanda Anderson, Lakeima Savage, and Razayia Rogers ("Plaintiffs") [Dkt. No. 106]. The Court has considered the written submissions of the parties as well as the arguments advanced at the hearing convened on October 27, 2022. For the reasons set forth herein, the August 4, 2022 Order will be affirmed.

### I. Background

This civil action arises out of the fatal shooting of Lashanda Anderson on June 9, 2018 by then Deptford Township Police Sergeant Kevin Clements. Plaintiffs' Complaint and Amended Complaint allege Federal and State constitutional violations stemming

1

from the incident. The issue presently on appeal concerns the production discovery sought in connection with Plaintiffs' claim against Deptford Township pursuant to *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

In an August 4, 2022 Order, the Magistrate Judge ordered the production of "all Deptford Township internal affairs files regarding excessive force for the five-year period preceding June 9, 2018" upon finding such files are relevant to Plaintiffs' Monell claim within the meaning of the term under Fed. R. Civ. P. 26(b)(1).[1] Discovery Order at p. 15 [Dkt. 100]. This determination was preceded by District Court's decision on Defendants' Motion to Dismiss, in which the Court concluded that Plaintiffs alleged sufficient factual matter to assert a viable claim under *Monell* at the pleading stage. See Motion to Dismiss Opinion and Order [Dkt. 38, 39].

Defendants now submit that the Magistrate Judge erred in ordering the disclosure of internal affairs ("IA") files regarding incidents of excessive force that did not involve (1) Defendant Clements and Defendant Bittner; and (2) the intentional

---

[1] The allegations relevant to Monell liability are as follows. Plaintiffs aver that Defendant Deptford Township has "repeatedly and knowingly failed to enforce the laws of the United States . . . pertaining to the use of force, thereby creating within Deptford Township's police department an atmosphere of lawlessness in which police officers employ excessive and illegal force and violence, and such acts are condoned and justified by their superiors." Am. Compl., p. 8, ¶ 37 [Dkt. 29]. Plaintiffs further allege that "[i]t was the policy and/or custom of [] Deptford Township and its police chief to inadequately and improperly supervise and train its police officers and to inadequately and improperly investigate citizen complaints of police misconduct[,]" citing as an example that "out of 59 complaints of excessive force investigated by the police department between 2011 and 2018, no complaint was sustained." *Id.* at p. 9, ¶ 39. Plaintiffs also identified two specific complaints against Defendant Clements, stating that "[o]n at least two occasions prior to the June 9, 2018 incident, excessive force complaints were lodged against Defendant Clements[,]" including a complaint that Defendant Clements punched an individual in the nose without provocation and a complaint that Defendant Clements slammed another individual to the ground during a traffic stop without provocation. *Id.* at pp. 9-10, ¶ 41.

discharge of a deadly weapon or the intentional use of deadly force. Br. in Supp. of Appeal at pp. 5-6, 13-14 [Doc. No. 101-1]. In support of the appeal, Defendants contend that this provision sweeps in irrelevant materials beyond the scope of discovery under Fed. R. Civ. P. 26(b)(1). Specifically, Defendants argue that the Magistrate Judge neglected to properly consider the degree of particularity necessary to supply the inference of causation required to ultimately show that an unconstitutional alleged policy or custom resulted in the alleged constitutional violation of Clements. *Id.* at p. 6. Defendants assert that because the alleged constitutional violation giving rise to this action was the use of deadly force and the discharge of a lethal weapon, the circumstances of this case are too unique and idiosyncratic for *Monell* liability to attach based on a broad custom or policy of the municipality permitting or tolerating excessive force in general. *Id.* According to Defendants, discovery of IA files involving unsustained claims of excessive force on a department-wide basis – without limitation to the specific type of excessive force – would necessarily yield information regarding misconduct that is too dissimilar to the alleged constitutional violation in question to support *Monell* liability as a matter of law here. For this reason, Defendants seek a modification narrowing the scope of the Order.

## II. Standard of Review

The Federal Magistrate Act permits district courts to "designate a magistrate judge to hear and determine any pretrial matters before the court, including discovery matters." 28 U.S.C. § 636(b)(1) (A). Pre-trial matters referred to magistrate judges under subparagraph (A) are generally described as "non-dispositive." Advisory Committee Notes to Fed. R. Civ. P. 72(a); *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992).

This Court exercises appellate review over the orders of magistrate judges pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72.1(c). Federal Rule of Civil Procedure 72(a) permits the filing of timely objections to a magistrate judge's ruling on a non-dispositive issue. A magistrate judge's non-dispositive order may be set aside if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); *Cataldo v. Moses, 361 F. Supp. 2d 420, 424 (D.N.J. 2004)*.

Decisions adjudicating discovery disputes are reviewed for "abuse of discretion." *Anjelino v. New York Times Co.*, 200 F.3d 173, 88 (3d Cir. 1999); *Allen v. Banner Life Ins. Co.*, 340 F.R.D. 232, 237 (D.N.J. 2022). "An abuse of discretion is a clear error of judgment, and not simply a different result which can arguably be obtained when applying the law to the facts of the case." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 240 (3d Cir. 2007). A decision constitutes an abuse of discretion when it is "based upon an incorrect legal standard or clearly erroneous factual findings." *Id.* Compared to the "clearly erroneous" standard, the "abuse of discretion" standard is considered "even more deferential." *Koninklijke Philips Elecs. N.V. v. Hunt Control Sys.*, 2014 WL 5798109, at *2 (D.N.J. Nov. 7, 2014).

The burden is on the party filing the appeal to demonstrate that the standard for modifying or setting aside the magistrate judge's ruling has been met. *Cardona v. Gen. Motors Corp.*, 942 F. Supp. 968, 971 (D.N.J. 1996).

### III.     Discussion

Defendants have not demonstrated that ordering the disclosure of "all Deptford Township internal affairs files regarding excessive force for the five-year period preceding June 9, 2018" was clearly erroneous, contrary to law, or an abuse of discretion necessitating modification. Federal Civil Procedure Rule 26 is to be construed liberally

in favor of disclosure, as relevance is a broader inquiry at the discovery stage than at the trial stage. *Government Employees Insurance Co. v. Stefan Trnovski, M.D.*, 2018 WL 5281424, at *2 (D.N.J. Oct. 23, 2018) (citing *Tele–Radio Sys. Ltd. v. De Forest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981)). A court may order discovery of any matter relevant to the subject matter involved in the action, and such relevant information does not need to be admissible at trial in order to grant disclosure. *Id.* "Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). The scope of permissible discovery is framed by the pleadings. *Toth v. Cal. Univ. of Pa.*, No. 09–6192, 2011 WL 2436138, at *2 (W.D.Pa. June 15, 2011).

Applying Fed. R. Civ. P. 26(b)(1) and guided by prior decisions from this District, the Magistrate rejected Defendants' argument that the permissible scope of discovery is limited to those IA files concerning the same type of excessive force alleged in this case as well as the misconduct of Clements and Bittner alone. Plaintiffs allege that the infrequency with which complaints of excessive force are sustained suggests a custom, practice, or failure to discipline amounting to deliberate indifference. As the discovery Order recounts, this Court previously determined that the Amended Complaint set forth adequate factual matter to assert *Monell* liability under this theory. Plaintiffs' proffer of relevance for the IA files draws a logical connection between the allegations of the complaint and the required proofs for such claim. Namely, a failure on the part of the Township to adequately investigate and/or act upon instances of excessive force may be relevant to Plaintiffs' theory that an inclination among officers to use excessive force, including the unlawful discharge of a deadly weapon, was a consequence of the inaction. Because Plaintiffs' allegations that the Township's history of sustaining zero of the fifty-

nine complaints of excessive force between 2011 and 2018 and none of the two involving Clements were sufficient to state a cognizable cause of action under *Monell*, the Magistrate Judge was free to conclude that the contents of those files may be probative of issues attendant to the claim.[2]

Defendants' argument for why the requested IA files are not relevant – e.g., that complaints of excessive force in general, rather than excessive force of the specific variety involving the discharge of a deadly weapon, cannot support a *Monell* claim against a municipality – is best advanced in the context of summary judgment and pretrial motions. The Court recognizes that plaintiffs commonly prove the existence of an unconstitutional municipal policy or custom by pointing to incidents factually similar to the alleged constitutional violation. But this does not preclude discovery of IA files regarding dissimilar types of excessive force misconduct under these circumstances given the context within which *Monell* liability has been alleged.[3] "The facts of the underlying offense do not need to be identical for plaintiff to analyze whether [defendant] has an unconstitutional custom of conducting deficient IA investigations and tolerating its police officers' misconduct." *Groark v. Timek*, No. CIV. 12-1984, 2014 WL 3556367, at *4 (D.N.J. July 18, 2014); *see also White v. City of Vineland*, 500 F. Supp. 3d 295, 307 (D.N.J. 2020) ("Often, Defendants rely on the fact that other

---

[2] The sufficiency of the pleadings are not subject to relitigation in the context of Defendants' response to Plaintiffs' discovery requests.

[3] The Court emphasizes that the Magistrate Judge was not required to weigh the sufficiency of the requested materials against the burden to show liability at this stage in order to resolve the discoverability of those materials. "District courts must remain mindful that relevance is a broader inquiry at the discovery stage than at the trial stage." *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990).

6

incidents did not involve the use of a police dog, but that is not the only basis on which Plaintiffs assert the excessive use of force. A reasonable juror could conclude from the history of complaints about Officer Platania specifically and other officers more generally that the City had a custom of permitting officers to use excessive force."). Consistent with the foregoing authority, the Magistrate Judge reasonably concluded that IA investigations of excessive force complaints in general could theoretically reveal pattern or continued adherence to an approach that the Township knew or should have known would lead to an inclination to use excessive force, including the unlawful discharge of a deadly weapon, as a consequence of its inaction. Defendants have cited no binding authority for the proposition that IA files for excessive force complaints generally and or for officers not directly involved to the incident in question are beyond the scope of permissible discovery. Where there is no controlling rule, a Magistrate Judge's discovery determination is afforded broad discretion and is reviewed for abuse of same. In this case, the Magistrate Judge's determination was guided by an analogous district court decisions and was entirely appropriate considering the broad scope of discovery under Fed. R. Civ. P. 26(b)(1).

Were the Court to draw the parameters of discovery as narrowly as Defendants suggest, Plaintiffs would be constrained to relying almost exclusively on the events surrounding the incident in question to demonstrate that the Township maintained an unlawful custom or practice of indifference. Discovery is just that – the opportunity to *discover* whether evidence will support or disprove a claim. The needs of the case thus favor disclosure under the circumstances where Plaintiffs would otherwise be limited in developing facts, and ultimately satisfying their evidentiary burden, respecting issues

that are necessarily being litigated here by virtue of the Court's decision permitting the *Monell* claim to proceed.

As a final matter, the Court does not find the Order to offend considerations of proportionality under Fed. R. Civ. P. 26(b)(1). The Magistrate Judge explicitly denied the request for IA files involving demeanor-type misconduct and circumscribed discovery to incidents involving complaints of excessive force narrowed in temporal scope to a period of five years preceding June 9, 2018. These represent rational limitations tailoring discovery to the particular needs of this case and underscore that the Order is not unduly expansive. With regard to concerns raised by Defendants that the Order could lead to harassing and unnecessary discovery activities, such concerns are speculative and hypothetical at this juncture. The Magistrate Judge did not commit an abuse of discretion, then, in directing that Defendants may seek relief in the form of a protective order under Fed. R. Civ. P. 26(c) at the appropriate time.

## IV. Conclusion

For the reasons addressed herein, the Appeal will be affirmed. An appropriate order will follow.

November 3, 2022　　　　　　　　　　　　/s/ Joseph H. Rodriguez
　　　　　　　　　　　　　　　　　　　　Hon. Joseph H. Rodriguez, USDJ

8