**JAVERBAUM WURGAFT HICKS**
**KAHN WIKSTROM & SININS, P.C.**
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ 08043
Phone: 856.596.4100
Fax: 856.702.6640
Stanley O. King, Esq.
Michael A. Galpern, Esq.
BY: Stephen Burke, Jr., Esq.
Attorney ID No.: 014092012
**Attorneys for Plaintiff**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| GLORIA BLACK-MEADOWS, in her Capacity as Administrator *ad Prosequendum* of the ESTATE OF LASHANDA ANDERSON, deceased, et al., | Civil No. 20-6951 (JHR/AMD) |
| Plaintiff(s), | |
| v. | |
| DEPTFORD TOWNSHIP, et al. | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE WRONGFUL DEATH CLAIMS OF LAKEIMA SAVAGE, RAZAYIA ROGERS, AND R.R.**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | SUMMARY | 4 |
| II. | LEGAL STANDARD | 5 |
| III. | LEGAL ARGUMENT | 6 |

    A.    The District Court opinion summarily cited by defendants as the only authority in support of the relief sought in this Motion is not binding on this Court and although it may be considered, it should not be applied.

    B.    Defendants' Motion should be denied as the District Court must apply New Jersey Law to fill the gap where Federal Law is deficient, and New Jersey Law provides that the children of a decedent killed by the wrongful act(s) of another have standing to bring individual claims for the pecuniary loss caused by the death of their deceased family member.

| | | |
|---|---|---|
| IV. | CONCLUSION | 10 |

## TABLE OF CITATIONS

**CASES**

Ashcroft v. Iqbal, 556 U.S. 662 (2009)

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

Estate of Guled ex rel. Abdi v. City of Minneapolis, 869 F.3d 680, 683 (8th Cir. 2017)

Fowler v. UPMC Shadyside, 578 F.3d 203, 210- 11 (3d Cir. 2009)

Gangemi v. National Health, 291 N.J. Super. 569, 574-75 (1996)

Hottenstein v. City of Sea Isle City, 977 F.Sup.2d 353, 365 (D.N.J.2013)

Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007)

White v. City of Vineland, 2022 U.S. Dist. LEXIS 199436* (Nov. 2, 2022)

**STATUTES**

N.J.S.A. 2A:31-4
42 U.S.C. §1988(a)
N.J. STAT. ANN. § 2A:31-2
N.J. STAT. ANN. § 2A:15-3 (2021)

**I.       SUMMARY**

This civil action arises out of the fatal police shooting of Lashanda Anderson on June 9, 2018 by then Deptford Township Police Sergeant Kevin Clements.  Plaintiff's Complaint and Amended Complaint allege causes of action related to Federal and State constitutional rights violations stemming from the police shooting.  The Amended Complaint filed 12/07/2020 pleads counts for violations of Federally Protected Civil Rights under 42 U.S.C. 1983 against Kevin Clements, William Bittner and  the Deptford Township Police Department. Those counts relate to the use of Excessive Force,  Conspiracy to Violate Civil Rights and Monell Claims against Deptford Township and Police Chief William Hanstein.  They also include violations under the New Jersey Civil Rights Act, and various counts under New Jersey State Tort Law.

Lashanda Anderson died intestate.  The Amended Complaint names Gloria Black Meadows, the sister of Lashanda Anderson, in her capacity as the Administratrix Ad Prosequendum of the Estate of Lashanda Anderson.  The Amended Complaint likewise names the plaintiff's two (2) adult children, Lakeima Savage, Razayia Rogers,  and Lashanda's minor child,  R.R. , by and through her guardian Norma Johnson in their individual capacity.  Each of the surviving children assert individual causes of action brought under the New Jersey Wrongful Death Act.

Defendants now move to dismiss Count VIII of the Amended Complaint, which alleges Wrongful Death on behalf each of Lashanda Anderson's surviving children.  Defendants do so by doing little more than providing the Court with a copy of a recent District Court Opinion that this Court is neither bound by, nor should find particularly persuasive.   For the reasons set forth below, the Motion to Dismiss the Wrongful Death claims filed on behalf of plaintiff Lashanda Anderson's children should be denied.

## II.     LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a civil plaintiff must allege facts that "'raise a right to relief above the speculative level.'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570). To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer possibility." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In Twombly, the Supreme Court used a "two-pronged approach," which it later formalized in Iqbal. Iqbal, 129 S. Ct. at 1950; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Under this approach, a district court first identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." Twombly, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. Iqbal, 129 S. Ct. at 1950. The court then assess "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s] . . . to determine" whether it states a plausible claim for relief.

### III. LEGAL ARGUMENT

A. **The District Court opinion summarily cited by defendants as the only authority in support of the relief sought in this Motion is not binding on this Court and although it may be considered, it should not be applied.**

Defendants move to dismiss all wrongful death claims filed by the children of decedent Lashanda Anderson contained in the Amended Complaint. Defendants cite to White v. City of Vineland, 2022 U.S. Dist. LEXIS 199436* (Nov. 2, 2022) as the only authority for the relief sought in this Motion.

Without doing anything more than providing the Court and counsel with a copy of this recent Opinion, Defendants ask the Court to do the heavy lifting and to analyze the White Opinion and apply it to the case at bar. Defendants' brief contains no genuine attempt at a substantive argument on this fairly complex legal issue and simply points to the White opinion and, in essence, asks this Court to "please do what Judge Wolson did."

As a preliminary matter, the unpublished opinion recently passed down from Judge Wolson of the United States District Court for the Eastern District of Pennsylvania, sitting temporarily in the United States District Court for the District of New Jersey, is neither binding nor precedential on this Court. It is axiomatic that prior District Court Opinions are not binding and do not constitute precedent in other District Court matters. The procedural and factual circumstances surrounding the White opinion are not sufficiently similar to the case at bar and the Opinion departs significantly from how Wrongful Death claims in Civil Rights cases have historically been treated in this jurisdiction. It is respectfully submitted that the Court in this case should decline to apply the White decision as the defendants make no attempt to explain how the reasoning in that case applies in this matter. Accordingly, the defendants' Motion to Dismiss should

be denied and the Wrongful Death claims should proceed as they are currently plead on behalf of the children of Lashanda Anderson in the Amended Complaint.

**B.      Defendants' Motion should be denied as the District Court must apply New Jersey Law to fill the gap where Federal Law is deficient, and New Jersey Law provides that the children of a decedent killed by the wrongful act(s) of another have standing to bring individual claims through the administrator of the Estate of the deceased plaintiff for the pecuniary loss caused by the death of their deceased family member.**

Should this Court be inclined to analyze White and consider the viability of the Wrongful Death Claims brought by the children of the decedent in this case, Plaintiffs respectfully submit that the White decision does not stand for the proposition that the Wrongful Death claims brought by the children in this case must be dismissed outright at the beginning of the case, as it is assumed the defendants are arguing here.  Rather, it merely stands for the proposition that the Wrongful Death claims of the children must be plead through the Administrator of the decedent's estate.  To the extent that the Court agrees, plaintiffs hereby cross-move, and respectfully request leave to file a Second Amended Complaint wherein the Wrongful Death claims of the children in this case will be plead by and through the Administrator of the Estate, Gloria- Black Meadows.

In White, Judge Wolson, *Sua Sponte,* raised the issue that he referred to as "standing" at the end of an over two week-long contentious jury trial that involved over 15 fact witnesses and many hours of medical testimony.  Without any prompting whatsoever from the Defendants, the Court raised the issue as to whether the Counts for Wrongful Death  plead in the White Complaint in the names of the decedent's children as plaintiffs individually should make it to the jury on the verdict sheet.

With little, if any, argument on the issue from the defense, Judge Wolson dismissed these claims, finding that the children of the decedent lacked standing to present claims for Wrongful

7

Death in their individual capacity resulting from constitutional rights violations sustained by their father while he was alive. This decision was reached over the objection and opposition of plaintiffs. It must be noted, if the Court is not already aware, that counsel in the <u>White</u> case for both the plaintiffs and the defendants are the attorneys involved in this matter.

In <u>White</u>, the Eastern District Court of Pennsylvania Judge, sitting temporarily in the District of New Jersey on assignment, dismissed the Wrongful Death Counts contained in the Amended Complaint in the names of the children as plaintiffs individually. Crucially, however, Judge Wolson recognized in the opinion that federal law in the 3rd Circuit customarily imports New Jersey's Wrongful Death and survivorship actions in Section 1983 cases. In support of his decision to dismiss the Counts in the names of the children, however, he observed that "section 1983 only provides for liability 'to the party injured.'" <u>See</u> <u>White</u>, citing " 42 U.S.C. § 1983. He stated that the language of 42 U.S.C. 1983 makes clear that only a victim **(or his representative)** can sue, not someone else . . . [a]nd the NJCRA is co-extensive with section 1983." <u>White</u>, (citing <u>Hottenstein v. City of Sea Isle City</u>, 977 F.Sup.2d 353, 365 (D.N.J.2013). **Ephasis added.**

Judge Wolson goes on to state the following:

> Even if <u>Section 1983</u> were unclear about the scope of the legally protected interest, and it is not, Mr. White's children would not have a legally protected interest. In the absence of statutory guidance, Congress has directed courts to look to state law to determine who is a proper plaintiff. *See* <u>42 U.S.C. §1988(a)</u>; *Estate of Guled ex rel. Abdi v. City of Minneapolis*<u>, 869 F.3d 680, 683 (8th Cir. 2017)</u>. Both the <u>New Jersey Wrongful Death Act</u> and the <u>New Jersey Survivorship Act</u> name the estate administrator as the proper plaintiff when an injured party dies. *See* N.J. STAT. ANN.<u> § 2A:31-2</u> (2021); N.J. STAT. ANN.<u> § 2A:15-3</u> (2021). Therefore, only Ms. White, acting as Administratrix *Ad Prosequendum* of Mr. White's estate, is a proper plaintiff under <u>Section 1983</u>**.**

Thus, the <u>White</u> decision, to the extent that the Court finds it persuasive at all, merely stands for the proposition that a child cannot be named as the plaintiff in a wrongful death action

8

stemming from the constitutional rights violation of a parent. It holds that the proper plaintiff when Wrongful Death is plead in Civil Rights cases in Federal Court that Apply the NJ Wrongful Death Statute must be plead by and through the Administrator of the decedent's estate.

Judge Wolson reached the conclusion that children have no standing to sue in civil rights cases in this context, but it is respectfully submitted that it would be more accurate to state that there is no cause of action that allows a child to be named as the plaintiff in order to recover damages resulting from a parent's death in a civil rights case. The children have standing to bring such Wrongful Death Actions by and through the administrator of the estate. The damages recoverable in a wrongful death case are for the benefit of the heirs of the estate, which would include the decedent's children.

Standing in wrongful death actions is initially established by statute. The first sentence of N.J.S.A. 2A:31-4 reads: "The amount recovered in proceedings under this chapter shall be for the exclusive benefit of the persons entitled to take any intestate personal property of the decedent, and in the proportions in which they are entitled to take the same." Thus, under the New Jersey Wrongful Death statute, standing is afforded to those individuals who have a right to take under the intestacy laws, with the claims being brought by an Administrator Ad Prosequendum in the case of intestacy. N.J.S.A. 2A:31-4. When there is no surviving spouse, as in the case at bar, N.J.S.A. 3B:5-4(a) directs that the entire estate passes "to the decedent's descendants by representation". In essence, the suit is to be brought on behalf of the decedent's surviving children.

In this case, the surviving sister, as Administrator Ad Prosequendum, is entitled to bring the wrongful death claims on behalf of the interests of the decedent's children. The children have the right to recovery, whereas their aunt is their representative bringing the action.

The second leg of the analysis under N.J.S.A. 2A:31-4, is to what extent the parties have a right to recover. The statute directs that only those individuals that were dependent on the decedent are entitled to share in the recovery. *See Gangemi v. National Health*, 291 N.J. Super. 569, 574-75 (1996). The extent of a descendant's dependence on the decedent directs the extent of damages- limited to pecuniary losses; however, the dependency issue has no bearing on standing. Id.

IV.  CONCLUSION

Thus, in this case, to the extent that the Court is inclined to apply White at all, plaintiffs respectfully submit that the proper relief here would be to allow plaintiffs to file a Second Amended Complaint, re-pleading the Wrongful Death Count by and through the Estate of Lashanda Anderson, by and through the Administrator Ad Pros, Gloria Black Meadows. The White decision, respectfully, does not in any way provide a legal basis for "dismissing all wrongful death claims" as the defendants seek in this Motion. Accordingly, the Motion should be denied and/or Plaintiff's Cross-Motion to file a Second Amended Complaint pleading the Wrongful Death claims through the Administrator Ad Pros. should be Granted.